IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LESTER KEITH LA RONDE,** | : | No. 3:24cv689 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **MICHAEL CHICA,** *et al.*, | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 21st day of October 2024, before the court for disposition is Magistrate Judge William I. Arbuckle's report and recommendation, ("R&R"), which proposes the dismissal of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, without further leave to amend.[1] No objections to the report and recommendation have been filed, and the time for such filing has passed.

On April 22, 2024, the court received plaintiff's civil rights/Racketeer Influenced and Corrupt Organizations Act ("RICO") lawsuit. (Doc. 1). Plaintiff

---

[1] 28 U.S.C. § 1915(e) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
. . .
  (B) the action or appeal— . . .
    (ii) fails to state a claim on which relief may be granted[.]

alleges official misconduct regarding two arrests which occurred on June 11, 2023. The clerk of court assigned the case to Magistrate Judge Arbuckle for the issuance of an R&R, which the magistrate judge filed on July 26, 2024.

The R&R explains that when the complaint was docketed, the court screened it pursuant to 28 U.S.C. § 1915(E)(2). (See Doc. 6, Screening Ord.) After this screening, the magistrate judge issued an order which pointed out deficiencies in the plaintiff's claims and provided him until July 5, 2024 to file an amended complaint or face the dismissal of his case.[2] (Id.) Plaintiff did not file an amended complaint by the court ordered deadline. Accordingly, Magistrate Judge Arbuckle filed the instant R&R on July 26, 2024 recommending that plaintiff's case be dismissed.

No objections to the R&R have been filed.[3] Therefore, in deciding whether to adopt it, the court must determine if a review of the record evidences plain

---

[2] The screening order explained that plaintiff's constitutional claims are too vague and leave the defendants and the court to guess at what many of his claims are and which claim is brought against which defendant. Additionally, the RICO claims are too vague and do not set forth the elements of a civil RICO cause of action. (Doc. 6 at 15-16).

[3] On August 19, 2024, apparently before he had received a copy of the R&R, plaintiff filed a document entitled an "Affidavit of Fact Writ of Discovery." (Doc. 8). Although defendant filed this document after the issuance of the R&R, it does not respond to the R&R. Instead, it responds to the screening order sent to the plaintiff on June 5, 2024, which directed plaintiff to file an amended complaint by July 5, 2024. (See Doc. 8, indicating defendant is responding to "the Order received from the United States District Court Middle District of Pennsylvania dated June 5, 2024.") The document is not an amended complaint, and even if it were, it was lodged over a month past the deadline ordered by the court.

error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the court finds neither a clear error on the face of the record nor a manifest injustice, and therefore, the report and recommendation shall be adopted. It is hereby **ORDERED** as follows:

1) The magistrate judge's report and recommendation (Doc. 7) is **ADOPTED**;

2) The plaintiff's complaint (Doc. 1) is **DISMISSED** without further leave to amend; and

3) The Clerk of Court is directed to close this case.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court

---

The document also indicated a change of address for the plaintiff, which was entered upon the docket. (Doc. 8). The docket sheet indicates that the R&R dated July 26, 2024 recommending dismissal of the case was remailed to plaintiff at the new address on August 19, 2024. Even so, plaintiff never filed objections to the R&R.